Page 1 of 8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES

v.                                                           Case Nos. 5:14cr17/RH/CJK
                                                                       5:18cv195/RH/CJK
LOUIS REED, JR.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 28.) Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." The claims raised in the instant motion arguably span both 28 U.S.C. § 2241 and 28 U.S.C. § 2255. To the extent they arise under 28 U.S.C. § 2255, they should be summarily dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Louis Reed, Jr. is serving a thirteen-month sentence at Oakdale Federal Correctional Institution with a projected release date of June 7, 2019. While Mr. Reed was previously serving a lengthy sentence in state custody, he was charged in

this case with one count of theft of government funds and two counts of making false statements. Mr. Reed was temporarily transferred from state to federal custody for his federal criminal proceedings, pursuant to a writ of habeas corpus ad prosequendum. (ECF Nos. 6, 7.) On October 15, 2014, he pleaded guilty, and on January 7, 2015, the court sentenced him to 13 months' imprisonment on each charge, with the sentences to run concurrently with each other but consecutive to his state sentence. (ECF No. 23.) Mr. Reed returned to state prison and, according to the Florida Department of Corrections' website, he was released from state custody on July 1, 2018.[1]

Mr. Reed filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court in July of 2015, approximately seven months after his sentencing in this case. (*Reed v. United States District Court,* Case 5:15cv174/LAC/CJK, ("*Reed*, § 2241").) In his petition, he sought prior custody credit against his 13 month federal sentence for the time he was in "federal custody" at the Bay County Jail, from August 6, 2014, to January 27, 2015, at Bay County Jail. (*Reed*, § 2241, ECF No. 1 at 2-3). This court recommended that the petition be dismissed as premature because Mr. Reed's federal sentence had not yet commenced, and the district court adopted

---

[1] *See* http://www.dc.state.fl.us/offenderSearch/.

Case Nos.: 5:14cr17/LAC/CJK; 5:18cv195/LAC/CJK

the recommendation. (*Reed*, § 2241, ECF Nos. 6, 8). In the recommendation, the court noted that it is the responsibility of the Bureau of Prisons, not the federal court, to calculate prior custody credit. The court also advised Mr. Reed that if he was dissatisfied with the BOP's initial determination of his prior custody credit, he could pursue administrative remedies to challenge the BOP's calculation. Finally, the recommendation noted that a failure to exhaust those remedies might preclude Reed from seeking relief through a petition for writ of habeas corpus. *See Santiago-Lugo v. Warden*, 785 F.3d 467 (11th Cir. 2015) (holding exhaustion requirement in § 2241 proceeding is non-jurisdictional but respondent may raise failure to exhaust as a defense).

Mr. Reed has now filed a § 2255 motion in which he contends that the district court erred because it failed to order that he receive credit for the six months he spent in pretrial detention.[2] As relief, he asks the court to award him the time he physically served in the Federal Detention Center during the criminal proceedings in this case. Alternatively, Mr. Reed claims that at the time he entered his guilty plea, he

---

[2] Mr. Reed also contends that he served longer on his state sentence than he would have had he not been moved out of state prison to a federal detention center to answer to the federal charges. (ECF No. 28 at 5.) The basis for this assertion is not clear. In 2015, the court's previous recommendation stated that the Florida Department of Corrections' website reflected that he was scheduled to be released on July 10, 2020. (*Reed*, § 2241 ECF No. 6 at 2.) The website currently reflects that Mr. Reed was released two years before that, on July 1, 2018.

Case Nos.: 5:14cr17/LAC/CJK; 5:18cv195/LAC/CJK

"expected" to be awarded credit for the six months, and avers that had he known he would not be receiving credit for the time served, he would have insisted on going to trial and would not have pleaded guilty. As an alternative remedy, he suggests that he be granted leave to withdraw his guilty plea and proceed to trial.

Attached to the petition is a copy of an Inmate Request to Staff from the BOP in which Mr. Reed sought credit for the time served. (ECF No. 28 at 17.) The BOP response to his request states:

> In accordance with Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), "time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for writ custody is not the federal charge. The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody." Additionally, Program Statement 5880.28 and Title 18 U.S.C. § 3585(b) precludes the application of credit for time spent in the service of another sentence.

(ECF No. 28 at 17.)

## DISCUSSION

Mr. Reed does not challenge the thirteen month sentence he received in the instant case. A challenge to the continuation or execution of an initially valid confinement is generally properly brought as a § 2241 action. *See Thomas v. Crosby*, 371 F.3d 782, 810 (11th Cir. 2004). Mr. Reed's choice to label his motion as one

Page 5 of 8

pursuant to 28 U.S.C. § 2255 is not necessarily dispositive. However, at least a brief discussion is warranted herein.

"A defendant convicted of a federal crime has a right under 18 U.S.C. § 3585(b) to receive credit for certain time spent in official detention before his sentence begins." *United States v. Wilson*, 503 U.S. 329, 330 (1992). Section 3585 of Title 18 provides, in relevant part:

> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). It appears from the BOP's response to the Inmate Request that the time in question was credited against Mr. Reed's state sentence. In any event, Mr. Reed's request for sentencing credit is not properly brought as a § 2255 motion.

Mr. Reed also argues that it was his "expectation" that he would receive credit for time served on the federal writ towards his federal sentence. But nothing in any of the plea documents or the Presentence Investigation Report provides support for this expectation. Also, although neither the plea colloquy nor the sentencing is

Case Nos.: 5:14cr17/LAC/CJK; 5:18cv195/LAC/CJK

transcribed, it is routine for the district court to confirm that a plea agreement contains all promises and agreements between the Government and the defendant. Mr. Reed alludes to the possibility that his motion contains an ineffective assistance of counsel claim. (ECF No. 28 at 5.) To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Because it is the responsibility of the BOP to determine credit for time served prior to sentencing, nothing in the record would support a finding either that counsel's performance was constitutionally deficient, or that the district court "erred."

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. The Motion to Vacate, Set Aside or Correct Sentence (ECF No. 28) be DENIED and DISMISSED.

2. That no certificate of appealability issue.

At Pensacola, Florida, this 7th day of September, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.