**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**


UNITED STATES OF AMERICA

v.                                        CASES NO.  5:14cr17-RH/CJK
                                                    5:18cv195-RH/CJK


LOUIS REED, JR.,

       Defendant.

_____/


**ORDER DENYING RELIEF AND GRANTING
A CERTIFICATE OF APPEALABILITY**


      The defendant Louis Reed, Jr. pleaded guilty and is serving his federal

sentence. Service of the sentence began after he completed service of a previously

imposed state sentence. Mr. Reed has moved for relief under 28 U.S.C. § 2255.

The motion is before the court on the magistrate judge's report and

recommendation, ECF No. 29. No objections have been filed. As directed, *see* ECF

No. 30, the government has filed an additional response to the motion. ECF

No. 33.

      Mr. Reed first claims he is entitled to credit on the federal sentence for time

when he was serving the state sentence but was in the physical custody of federal

authorities on a writ of habeas corpus ad prosequendum. That claim is properly

asserted in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. And the claim is substantively unfounded for the reasons set out in the order of October 26, 2018. ECF No. 30.

Alternatively, Mr. Reed says he should be allowed to withdraw his guilty plea—in effect, that his conviction should be vacated. There apparently are two asserted grounds for vacating the conviction. The first is that, because Mr. Reed did not understand that he would not receive this credit, the guilty plea was involuntary. The second is that his attorney rendered ineffective assistance by failing to advise Mr. Reed that he would not receive this credit.

This alternative claim is properly asserted under 28 U.S.C. § 2255. As a prerequisite to relief, Mr. Reed must show, at least, that had he known he would not receive credit for the time at issue, he would not have pleaded guilty and instead would have insisted on going to trial. *See, e.g.*, *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017). Mr. Reed has sworn that he meets this standard. But his statements during the plea colloquy gave not the slightest hint that credit for this time was a dispositive factor or of any concern at all.

Any request for concurrent sentences would have been weak, because the state and federal sentences were imposed for wholly separate conduct. The record does not show, and Mr. Reed does not assert, that he raised any objection when the federal sentencing judge ruled that the sentences were to be served consecutively—

a ruling inconsistent with Mr. Reed's after-the-fact claim that he should have received credit on both sentences concurrently for the time now at issue.

Mr. Reed has not tendered any colorable defense to the charges, has not suggested any weakness in the government's evidence, and has not offered any plausible explanation of how the issue of credit for the disputed time would have affected the decision to plead guilty. On any reasonable analysis, credit for this time would not have affected the decision whether to plead guilty. And any defendant for whom this was an important consideration almost surely would have mentioned it during the plea colloquy.

In sum, Mr. Reed is not entitled to relief or even to an evidentiary hearing. *See, e.g.*, *Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (affirming the denial of a § 2255 motion without an evidentiary hearing: "a district court need not hold a hearing if the allegations are frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record.") (quoting earlier authorities).

A certificate of appealability is not a prerequisite to an appeal of the denial of a § 2241 petition. But a defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

*Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S.

473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also*

*Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards

applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must
> make a substantial showing of the denial of a constitutional
> right, a demonstration that, under *Barefoot*, includes
> showing that reasonable jurists could debate whether (or, for
> that matter, agree that) the petition should have been
> resolved in a different manner or that the issues presented
> were "adequate to deserve encouragement to proceed
> further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to

obtain a certificate of appealability when dismissal is based on procedural grounds,

a petitioner must show, "at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling." *Id.* at 484.

The defendant has made the required showing on a single issue as set out

below.

IT IS ORDERED:

1. The motion for relief under 28 U.S.C. § 2255, ECF No. 28, is denied.

2. The clerk must enter a judgment so providing.

3. A certificate of appealability is granted on this issue: whether the defendant's assertions that his guilty plea was involuntary and that his attorney rendered ineffective assistance in connection with the guilty plea were properly denied without an evidentiary hearing.

SO ORDERED on December 1, 2018.

s/Robert L. Hinkle
United States District Judge